[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10673

Non-Argument Calendar

_____

NU PAGAMENTOS S.A. - INSTITUICAO DE PAGAMENTO,

　　　　　　　　　　　　Plaintiff-Counter Defendant-Appellee,

*versus*

GEORGE DANIEL HUDSON, JR.,

　　　　　　　　　　　　Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:21-cv-00069-RWS

_____

2                    Opinion of the Court                    23-10673

Before ROSENBAUM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

The motion to dismiss the appeal filed by Nu Pagamentos S.A.–Instituição de Pagamento ("Appellee") is GRANTED, and this appeal is DISMISSED for lack of jurisdiction.

Although the district court's February 22, 2023, order resolved George Daniel Hudson, Jr.'s counterclaims and several of Appellee's claims, it did not end the litigation on the merits because Appellee's false advertising and Anticybersquatting Consumer Protection Act claims remain pending.  Thus, because the district court did not certify the order under Federal Rule of Civil Procedure 54(b), it is not final or otherwise immediately appealable.  *See* 28 U.S.C. §§ 1291, 1292; Fed. R. Civ. P. 54(b); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken, unless the district court properly certifies a judgment on fewer than all claims or parties as "final" under Rule 54(b)); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").  Furthermore, despite Hudson's assertions to the contrary, the Declaratory Judgment Act does not provide an exception to traditional finality requirements. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742-44 (1976) (explaining that orders granting declaratory relief but leaving other

23-10673                Opinion of the Court                3

requests for relief unresolved are not final within the meaning of § 1291).

The February 22 order is also not appealable under 28 U.S.C. § 1292(a)(1). The order granted injunctive relief by prohibiting Hudson from using the "Nubank" trademark. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005) (explaining that to be appealable under § 1292(a)(1), an order granting injunctive relief generally must be "(1) a clearly defined and understandable directive by the court to act or to refrain from a particular action; and (2) enforceable through contempt, if disobeyed"). However, the order is not effectively unreviewable on appeal from a final judgment because if this Court were to reverse the order, Hudson could resume use of the Nubank mark. *See United States v. Bowman*, 341 F.3d 1228, 1236 (11th Cir. 2003) (explaining that § 1292(a)(1) allows appellate review of an interlocutory order if the order "(1) has the effect of an injunction; (2) has serious, perhaps irreparable consequences; and (3) is effectively unreviewable on appeal"); *United States v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998).